**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Tyren Ali

    v.

Warden, Federal Correctional
Institution, Berlin, New Hampshire

Case No. 18-cv-896-JL
Opinion No. 2020 DNH 043

**O R D E R**

Tyren Ali, an inmate at the Federal Correctional
Institution, Berlin, New Hampshire ("FCI Berlin"), has filed a
petition for a writ of habeas corpus (Doc. No. 1) pursuant to 28
U.S.C. § 2241.  Mr. Ali's petition challenges the decision of
the Federal Bureau of Prisons ("BOP") to take away forty days of
his good conduct time following a disciplinary hearing on
alcohol possession charges which arose when Mr. Ali failed two
successive breathalyzer tests administered to him on May 6, 2017
at FCI Fort Dix in New Jersey.  Before the court is the FCI
Berlin Warden's motion for summary judgment (Doc. No. 10), to
which petitioner filed the same objection twice (Doc. Nos. 12,
16).

**Discussion**

I.    Summary Judgment Standard

"Summary judgment is appropriate when the record shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Walker v.

President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (citations and internal quotation marks omitted).  To obtain summary judgment, "the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party."  Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986).  Once the moving party makes the required showing, "'the burden shifts to the nonmoving party, who must, with respect to each issue on which [it] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [its] favor.'"  Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016) (citations omitted). "This demonstration must be accomplished by reference to materials of evidentiary quality," and that evidence must be "'significantly probative,'" and "more than 'merely colorable.'" Id. (citations omitted).  The nonmoving party's failure to make the requisite showing "entitles the moving party to summary judgment."  Id.  The evidence is "viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor."  Harris v. Scarcelli (*In re* Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016).  As petitioner is proceeding pro se, his pleadings are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

II.  Undisputed Facts

At 2:46 a.m. on May 6, 2017, an FCI Fort Dix corrections officer ("C/O") woke Mr. Ali and his cellmate for a random breathalyzer test.  Fifteen minutes later, the same officer ran a second breathalyzer test.  On the first test, Mr. Ali scored a .058 and on the second, .055.  Based on those scores, Mr. Ali was charged with violating the BOP prohibition on the use of alcohol by prisoners.  The incident report states that Mr. Ali offered "no comment" when confronted with the charge.  Doc. No. 10-3, at 2.  The matter was referred for further disciplinary proceedings before a disciplinary hearing officer ("DHO").

On May 8, 2017, Mr. Ali received written notice of his right to call witnesses, present documentary evidence, and have a staff member represent him at the disciplinary hearing.  Mr. Ali entered a plea of not guilty to the disciplinary charge, declined staff representation, and stated he wanted to call his cellmate as a witness.  Id.

At the June 30, 2017 disciplinary hearing, both Mr. Ali and his cellmate testified about having been awakened and made to take breathalyzer tests, without any advanced warning.  Mr. Ali testified that two different machines were used to test him, and that after he was moved to the "drunk tank," he was tested a third time.  DHO Report (Doc. No. 10-4, at 2-3).

Crediting the incident report -- which stated that Mr. Ali had failed the breathalyzer test twice on the same machine (with readings of .058 and .055, spaced fifteen minutes apart) -- the DHO found Mr. Ali to be guilty of consuming alcohol. A log of two weeks of breathalyzer test results including both of Mr. Ali's scores is attached as an exhibit to the DHO Report. The DHO's written findings specifically note that, at the hearing, Mr. Ali did "not deny taking the breathalyzer test or the readings." Id. The DHO justified the imposition of a 40-day loss of good time credits by finding that Mr. Ali's conduct demonstrated a disregard for BOP rules and for the risks of being indebted to the prisoner who had provided him with alcohol. Id.

On July 17, 2017 (two weeks after the disciplinary hearing), Mr. Ali sent an Inmate Request Form, see Doc. No. 1, at 15, asking the investigating lieutenant/calibration officer to provide Mr. Ali with a six-month calibration log for the breathalyzer used in his disciplinary proceedings. Mr. Ali stated he needed that log "for the express purpose of appealing an alcohol related Incident Report." Id. The record before this court does not show whether Mr. Ali received any information in response to that request, or what that information would have shown.[1]

_____

[1]Mr. Ali's Central Office appeal states, "I submitted as part of my defense, a [Freedom of Information Act] (FOIA)

After receiving the DHO's written decision in August/September 2017, Mr. Ali filed two levels of administrative appeals, in which he asserted that, both prior to and during the disciplinary hearing, he had asked that the investigating officer and DHO review the calibration logs and records of the breathalyzer operator's certification. See BOP Regional Admin. Remedy Appeal, Sept. 11, 2017 (Doc. No. 10-6, at 2); BOP Central Office Appeal, Nov. 1, 2017 (Doc. No. 10-6, at 5). Mr. Ali further asserted in his administrative appeal that he told the investigating officer he was not intoxicated and asked the officer to check the logs and certification records, and then at the disciplinary hearing he similarly asked the DHO to produce and/or review the calibration logs and certification records. Doc. No. 10-6, at 3, 6. Mr. Ali's appeal concludes that if the DHO had reviewed those records, "I would have been vindicated of the allegation based upon the machine being defective, and the C/O failing to follow proper protocols in the testing process." Doc. No. 10-6, at 6.

The BOP Regional Director denied Mr. Ali's first-tier appeal, concluding: (1) that the breathalyzer's accuracy "was not

_____

request to ascertain copies of the testing logs, maintenance logs and certification in use of the machine . . . ." Doc. No. 10-6, at 6. It unclear whether that "FOIA" request reference concerns the July 17, 2017 Inmate Request Form, or a different request that is not otherwise documented in the record here.

questioned during the disciplinary process, nor was it part of [Mr. Ali's] defense to the prohibited act"; and (2) that Mr. Ali had the opportunity to present evidence and provide a defense at the hearing, but the DHO "found the greater weight of evidence supported the staff member's account." Doc. No. 10-6, at 4 (Regional Admin. Response, dated Oct. 16, 2017). Mr. Ali's Central Office appeal was unavailing. See id., at 7 (Central Office Response, dated Jan. 19, 2018).

In his § 2241 petition here, Mr. Ali reiterates the same factual allegations regarding the hearing and repeats the same claims he made in his BOP appeals, see Doc. No. 1. In his objection to the motion for summary judgment, see Doc. Nos. 12, 16, Mr. Ali adds new claims that the DHO was "biased," and that the test results were not confirmed by any BOP-approved laboratory test. See Doc. Nos. 12, 16.

III. Due Process and Disciplinary Proceedings

The minimum due process requirements for prison disciplinary hearings affecting good time credits are: written notice of the charge, the ability to call witnesses and present documentary evidence (when doing so is consistent with institutional safety and correctional concerns), a hearing before an impartial decisionmaker, and a written statement as to the evidence relied on and the reasons for the DHO's decision. See Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); see

also Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974); Smith v. Mass. Dep't of Corr., 936 F.2d 1390, 1401 (1st Cir. 1991). In addition, due process requires that the decision be supported by "some evidence"; the question for the court's consideration "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "[J]udicial review in a habeas case must not amount to a reevaluation of the prison's disciplinary determination, but is limited 'to ensur[ing] that federal constitutional guarantees of due process are observed in the proceedings.'" Cipriano v. Fed. Bureau of Prisons, No. 17-377WES, 2017 U.S. Dist. LEXIS 215112, at *24, 2018 WL 400768, at *8 (D.R.I. Dec. 6, 2017) (citation omitted), R&R approved, 2018 U.S. Dist. LEXIS 6013, 2018 WL 400768, at *1 (D.R.I. Jan. 12, 2018). In "evaluating whether prison officials' failure to disclose or consider evidence was harmless, courts must determine whether the excluded evidence could have aided the inmate's defense." Lennear v. Wilson, 937 F.3d 257, 277 (4th Cir. 2019).

Mr. Ali contends that his procedural due process rights were violated when he requested but was not provided with the breathalyzer calibration records and any certification as to the breathalyzer operator's competence during the disciplinary hearing, and when the DHO did not review those records before

7

finding Mr. Ali guilty of the infraction.  In general, an inmate must present his request for access to exculpatory evidence prior to or at the time of the disciplinary hearing; post-hearing requests for information that could have been requested sooner do not provide grounds for finding that an inmate's procedural due process rights have been violated.  See Donahue v. Grondolsky, 398 F. App'x 767, 771 (3d Cir. 2010) (prisoner, who first raised his request for access to evidence in his appeal to Regional Director, did so "too late for any prison official at the hearing level to respond appropriately to the request").  The DHO Report does not record that Mr. Ali made such a request and further states that, in the hearing, Mr. Ali did not "deny" the breathalyzer results.  Doc. No. 10-4.  Another document in the record before this court, relating to the timing of Mr. Ali's request for the calibration and operator certification records, is a post-hearing July 17, 2017 Inmate Request Form signed by Mr. Ali, asking for calibration records.  No other form or document prepared in advance of Mr. Ali's BOP appeals provides any evidentiary support for the claim that Mr. Ali asked the DHO to produce and/or review the calibration and certification records in the disciplinary hearing.  And although this court extended the briefing schedule for the express purpose of providing Mr. Ali with an additional opportunity to file an affidavit or declaration to supplement his objection to the summary judgment

8

motion, see Feb. 13, 2020 Order (Doc. No. 15), Mr. Ali did not

file any evidence as an exhibit to his objection to the summary

judgment motion.  Cf. Johnson v. Finnan, 467 F.3d 693, 694 (7th

Cir. 2006) ("when a prisoner . . . provides competent evidence

(such as an affidavit by someone with personal knowledge of the

events) contradicting an assertion by the prison disciplinary

board on a material question of fact pertinent to an issue of

constitutional law, the district court must hold an evidentiary

hearing to determine where the truth lies").  As there is no

sworn witness statement or other submission of evidentiary

quality that could raise a genuine dispute of material fact as to

whether Mr. Ali made a timely request for the calibration logs

and the operator's certification, the Warden's motion for summary

judgment is properly granted on Mr. Ali's procedural due process

claims challenging the failure of the DHO to produce or review

those potentially exculpatory records.

In all other respects, Mr. Ali has failed to show that there

is a genuine factual dispute as to whether he suffered any due

process violation in the disciplinary proceedings.  He received a

written statement of the charges and timely prior notice of his

hearing.  He was able to testify and call a witness to

corroborate his testimony.  After the hearing, the DHO issued a

written decision justifying the loss of good time, in which the

DHO credited the incident report as true.  Cf. Hartsfield v.

Nichols, 511 F.3d 826, 831 (8th Cir. 2008) ("report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence'").  The claims that the hearing officer was biased, and that prison officials failed to follow applicable BOP policies, are unsupported by any evidence.[2]  Judgment is properly entered as a matter of law on the claims in Mr. Ali's § 2241 petition.

## Conclusion

For the foregoing reasons, the Warden's motion for summary judgment (Doc. No. 10) is granted, and Mr. Ali's § 2241 petition (Doc. No. 1) is denied.  The clerk's office shall enter judgment and close this case.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

March 20, 2020

cc:  Tyren Ali, pro se
     Seth Aframe, Esq.

---

[2]Mr. Ali's claim based on the failure of prison officials to submit his breathalyzer results to a laboratory for confirmation is without merit.  See Mansa v. United States, No. 3:16-cv-644 (VAB), 2019 U.S. Dist. LEXIS 2065, at *31, 2019 WL 121681, at *10 (D. Conn. Jan. 7, 2019) ("as a matter of law, 'prisoners do not have a due process right to engage in secondary testing'" (citation omitted)).  Furthermore, the policy Mr. Ali cites, BOP Program Statement No. 6060.08, "Urine Surveillance and Narcotic Identification," does not apply to breathalyzer results.